UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCTAYVIOUS LEWIS,

        Plaintiff,        Civil Action No. 20-10007
                                Honorable Mark A. Goldsmith
v.                                 Magistrate Judge Elizabeth A. Stafford

MICHIGAN FIRST CREDIT UNION.

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]
AND DENY AS MOOT PLAINTIFF'S MOTION FOR JUDICIAL NOTICE
[ECF NO. 14] AND MOTION FOR SUMMARY JUDGMENT [ECF NO. 17]**

### I.   INTRODUCTION

Plaintiff Octayvious Lewis, proceeding *pro se*, brought this action for rescission of his mortgage and money damages against Defendant Michigan First Credit Union. [ECF No. 1]. The Honorable Mark A. Goldsmith referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 5]. Michigan First moves to dismiss plaintiff's complaint. [ECF No. 10]. That motion, as well as Lewis's motions for judicial notice and summary judgment, have been fully briefed. [ECF No. 14-20].

For the reasons below, the Court **RECOMMENDS** that Michigan

First's motion to dismiss [ECF No. 10] be **GRANTED**; Lewis's complaint [ECF No. 1] be **DISMISSED**; and Lewis's motions for judicial notice and summary judgment [ECF No. 14, 17] be **DENIED AS MOOT**.

## II. BACKGROUND

Lewis's complaint has few factual allegations. [ECF No. 1]. It states that, in November 2018, Lewis and Michigan First executed a note in connection with the purchase of the residence at 9039 Oakridge, Shelby Township, Michigan.[1] [*Id.*, PageID.1, 10-12]. Claiming that Michigan First violated certain disclosure requirements of the Truth in Lending Act (TILA), 15 U.S.C. § 1635, and its implementing regulation, Regulation Z, 12 C.F.R. § 1026.23, Lewis ostensibly asserted his right to rescission under the statute and regulation. [ECF No. 1]. After recording an affidavit of rescission (titled Notice of Rescission Affidavit) with the Macomb County Register of Deeds and demanding payment of $489,000 from Michigan First, Lewis filed this action, in which he seeks both rescission and one million dollars in damages. [*Id.*].

Michigan First contends in its motion to dismiss that Lewis failed to state a claim upon which relief may be granted because the transaction at

---

[1] Lewis has resided at the Oakridge residence from November 2018 to present. [ECF No. 1].

issue is a residential mortgage transaction and is thus exempt from the right of rescission under the relevant statute. [ECF No. 10]. The Court agrees and recommends dismissing Lewis's complaint under Federal Rule of Civil Procedure 12(b)(6).

### III. ANALYSIS

#### A.

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*

Documents attached to a motion to dismiss form part of the pleadings if they were referred to in a complaint and are central to the claim. *Moors*

3

*on behalf of Grady El v. Canton Police Dept.,* 20-CV-10361, 2020 WL 2308679, at *1 (E.D. Mich. May 8, 2020) (citing *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001)).  Courts may also consider public records, matters on which they may take judicial notice, and letter decisions of governmental agencies without converting a motion to dismiss into a motion for summary judgment.  *Id.*

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

TILA was enacted to facilitate the consumer's acquisition of the best credit terms available and to protect the consumer from divergent and fraudulent practices stemming from the uniformed use of credit.   *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 839–40 (E.D. Mich. 2010) (quoting *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir.2006) and *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040 (6th Cir.1984) (internal quotations omitted).  "Consistent with this purpose, [TILA] gives a consumer-borrower the right to rescind a loan secured by the

4

borrower's principal dwelling within three business days of the transaction." *Id.* (citing 15 U.S.C. § 1635(a)). It also allows for the rescission of a mortgage loan even after the three days following the transaction if "the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411(1998) (citing 15 U.S.C. § 1635(f)). Alternatively, the statute allows for damages, actual and statutory, and the costs and attorney's fees. *Id.* (citing 15 U.S.C. § 1640(a)(1)-(3)).

But the right of rescission does not apply to a "'residential mortgage transaction,' which is defined as a 'transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Yaldu*, 700 F. Supp. 2d at 841 (quoting 15 U.S.C. §§ 1635(e)(1), 1602(w)).[2]

Lewis does not argue that the transaction at issue in anything other than a residential mortgage transaction. Michigan First provides copies of both the mortgage and the warranty deed transferring the Oakridge

---

[2] The definition of residential mortgage transaction is now found at 15 U.S.C. § 1602(x).

residence to Lewis, each dated November 20, 2018, the same date the parties executed the note. [ECF No. 20-1; ECF No. 20-4]. It also provides a copy of a Closing Disclosure related to the transaction (as evidenced by the loan identification number and property address), which specifically identifies the transaction as a purchase money transaction. [ECF No. 20-3]. Lewis has not advanced a plausible claim that his mortgage is one subject to the rights of rescission under § 1635 or damages under § 1640. Because Lewis is not entitled to relief under the straightforward terms of the statute, his complaint should be dismissed under Rule 12(b)(6). The dismissal of the complaint would render Lewis's pending motions moot. [ECF Nos. 14, 17].

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Michigan First's motion to dismiss [ECF No. 10], **DISMISSING** Lewis's complaint [ECF No. 1], and **DENYING as moot** Lewis's motion for judicial notice [ECF No. 14] and motion for summary judgment [ECF No. 17].

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: July 15, 2020     United States Magistrate Judge

6

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2020.

                                      <u>s/Marlena Williams</u>
                                      MARLENA WILLIAMS
                                      Case Manager