UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCTAYVIOUS LEWIS,

    Plaintiff,                                                Case No. 20-cv-10007

vs.                                                                 HON. MARK A. GOLDSMITH

MICHIGAN FIRST CREDIT UNION,

    Defendant.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JULY 15, 2020 (Dkt. 21), (2) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 10), AND (3) DENYING PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE (Dkt. 14) AND SUMMARY JUDGMENT (Dkt. 17) AS MOOT**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Elizabeth Stafford, issued on July 15, 2020 (Dkt. 21). In the R&R, the Magistrate Judge recommends granting Defendant's motion to dismiss (Dkt. 10) and denying Plaintiff's motions for judicial notice (Dkt. 14) and summary judgment (Dkt. 17) as moot.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Defendant's motion to dismiss (Dkt. 10) is granted, and this case is dismissed in full with prejudice. Plaintiff's motions for judicial notice (Dkt. 14) and summary judgment (Dkt. 17) are denied as moot.

SO ORDERED.

Dated: August 10, 2020　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2020.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager